IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>400 ACRES OF LAND, MORE OR LESS SITUATED IN LINCOLN COUNTY, STATE OF NEVADA, et al.,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO QUASH<br><br>Case No. 2:18-mc-586 RJS<br><br>District Judge Robert Shelby<br><br>Magistrate Judge Brooke Wells |

This matter is referred to the undersigned from Judge Robert Shelby in accordance with 28 U.S.C. § 636(b)(1)(A).[1] Non-party Qualtrics, LLC, seeks to quash the deposition subpoena issued by Plaintiff United States of America. Plaintiff seeks to depose Qualtrics "regarding its role and responsibilities with respect to the surveys designed by Defendants' expert, Cameron Steinagel."[2] The court will deny the motion.

"This dispute arises in an eminent domain proceeding to determine the amount of just compensation for property taken within the U.S. Air Force's Nevada Test and Training Range."[3] Qualtrics is a survey research firm that was retained to conduct online surveys to support claims "exceeding $100 million."[4]

---

[1] ECF No. 4.

[2] Mtn p. 2, ECF No. 2.

[3] Op. p. 1, ECF No. 3.

[4] *Id.* p. 2.

Federal Rule of Civil Procedure 45(d)(3), which is cited to by Qualtrics in its motion, provides:

> (3) Quashing or Modifying a Subpoena.
>
> (A) When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
>   (i) fails to allow a reasonable time to comply;
>   (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
>   (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
>   (iv) subjects a person to undue burden.[5]

Qualtrics argues the subpoena should be quashed for several reasons: first the deposition is irrelevant and unnecessary; second, the deposition is duplicative of documents Qualtrics has provided and of Mr. Steinagel's deposition; finally, the subpoena is unduly burdensome because it forces the likely company representative, Harrison Taylor, to take time from his "revenue-generating activities" and his sales quotas.[6] Qualtrics notes that it sought to cooperate with Plaintiff by producing documents, providing information informally and "agreeing to sit for a four-hour deposition—from 8:00 a.m. to 12:00 p.m.—in lieu of moving to quash."[7] But, no agreement was reached and this motion followed.

In opposition, Plaintiff asserts the deposition is needed to evaluate the reliability of the surveys and Qualtrics' role in their development. Plaintiff asserts that Qualtrics was more involved in the surveys than what has been alleged—that Qualtrics merely provided the online platform to host the surveys approach designed by Defendants. Plaintiff has also sought to cooperate by reducing the

---

[5] Fed. R. Civ. P. 45(d)(3).

[6] Mtn. p. 3.

[7] *Id.* p. 4.

depositions scope, delaying it to accommodate schedules and offering to limit the deposition to 3.5 hours "on condition that Qualtrics' testimony regarding topics 5, 6, 9, 10, 11 and 12 proved consistent with counsel's representations."[8] Finally, Qualtrics offer of a four-hour deposition is not workable because it included combined time for Plaintiffs and Defendants, rather than the separate time Plaintiff seeks.

The court has reviewed the subpoena and agrees with Plaintiff that Qualtrics role in the surveys and their reliability are relevant to the proceedings. Contrary to Qualtrics' position, the deposition is not irrelevant and unnecessary. Further, the undersigned is not convinced that the deposition will be duplicative of documents already offered or Mr. Steinagel's deposition, because it does not only focus on Mr. Steinagel's role, but also specifically seeks to test Qualtrics assertions regarding its role in the survey.

Qualtrics last argument also fails. The burden to demonstrate undue burden rests with the party resisting compliance.[9] The burden is not easily met and to demonstrate undue burden, the subpoenaed party must show that compliance with the subpoena "would seriously disrupt its normal business operations."[10] Here, Qualtrics has failed to make the required showing.

---

[8] Op. p. 3, ECF No. 3.

[9] *See United States v. Stuart*, 489 U.S. 353, 360, 109 S. Ct. 1183, 1188, 103 L. Ed. 2d 388, 63 (1989) (holding that the party seeking to assert a subpoena is overbroad or unduly burdensome bears the burden).

[10] *EEOC v. Maryland Cup Corp.*, 785 F.2d 471, 477 (4th Cir. 1986); *see e.g., EEOC v. Citicorp Diners Club, Inc.*, 985 F.2d 1036, 1040 (10th Cir. 1993) (adopting the standard in *EEOC v. Maryland Cup Corp.*, holding that the defendant failed to demonstrate compliance would be unduly burdensome and at best has "perhaps shown that compliance would be inconvenient and involve some expense.").

Finally, the court will adopt portions of the proposed solutions offered by the parties. The court will order a four-hour deposition of Qualtrics for Plaintiff. Defendant may seek its own deposition and it need not be combined with Plaintiff's deposition.

Accordingly, Qualtrics Motion to Quash is DENIED.

IT IS SO ORDERED.

DATED this 14 August 2018.

Brooke C. Wells
United States Magistrate Judge